UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ARNOLD O. LAMBERT, JR.,
AMY D. LAMBERT, *and*
J. LAMBERT,

       Plaintiffs,

v.                                         CIVIL ACTION NO. 5:23-cv-00326

LOWE'S HOME CENTERS, LLC,

       Defendant.

## MEMORANDUM OPINION AND ORDER

On March 7, 2023, Plaintiffs Arnold O. Lambert, Amy D. Lambert, and their minor son J. Lambert, instituted this action against Defendant Lowe's Home Centers, LLC ("Lowe's") in the Circuit Court of Raleigh County. [Doc. 1-1 at 5]. On April 12, 2023, Lowe's removed. [Doc. 1]. In its Notice of Removal, Lowe's makes the following allegations in service of properly alleging the amount in controversy for diversity jurisdiction:

> 14. As detailed above, Plaintiffs allege that because of the incident described in the complaint, they sustained permanent injuries and damages.
>
> 15. The Complaint does not specify the exact amount of damages sought by Plaintiffs or the amount in controversy in this case. However, Plaintiffs' counsel indicated via phone call on April 11, 2023, that his clients could not stipulate to damages of less than $75,000. *See* 28 U.S.C. § 1332(a).
>
> 16. Therefore, the jurisdictional amount is established to satisfy the requirements of 28 U.S.C. § 1332(a).

[Doc. 1 at 3].

On August 15, 2024, the Court held a minor settlement proceeding. The Court expressed concern respecting satisfaction of the amount-in-controversy requirement. Counsel for

Lowe's, Justin K. Chandler, professed his unfamiliarly with the case, noting he attended in lieu of lead counsel, Colton Chase Parsons. He noted Mr. Parsons had a scheduling conflict. Mr. Parsons did not earlier inform the Court of his forthcoming non-appearance.

Subject-matter jurisdiction vests the Court with the power to adjudicate. "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Diversity jurisdiction exists when the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party must properly allege, and ultimately prove, the jurisdictional minimum. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[T]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." (internal quotation marks omitted)). If "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as does West Virginia, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A)(ii).

A removing party's notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Ellenburg*, 519 F.3d at 200. "[T]he defendant's amount-in-controversy allegation should be accepted [unless] contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). When a defendant's assertion of the amount in controversy is questioned, 28 U.S.C.

2

§ 1446(c)(2)(B) instructs, "[R]emoval of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Thus, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when . . . the court questions the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

"Mere allegations and speculation do not satisfy [the preponderance of the evidence] requirement." *Trammell v. Sylvanus Grp., LLC*, 611 F. Supp. 3d 222, 228 (S.D.W. Va. 2020) (refusing to blindly accept the defendant's allegation that the plaintiff "seeks $32,000 in punitive damages, such that his claim would rise above $75,000" without any basis for that amount in the record); *see also Delph v. Allstate Home Mortg., Inc.*, 478 F. Supp. 2d 852, 854–55 (D. Md. 2007) (finding the defendant failed to establish the amount in controversy by a preponderance of the evidence where it simply "speculate[d] that the amount could exceed the jurisdictional minimum"). "The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. Nov. 29, 2011). "When there is no *ad damnum* clause or settlement demand, the court . . . looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Id.* at 968 (internal citations omitted).

Accordingly, Mr. Parsons is **DIRECTED** to file, no later than **August 25, 2024**, a brief demonstrating by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. Plaintiffs may respond on or before **August 30, 2024**.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: August 19, 2024

Frank W. Volk
United States District Judge